UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMION HARDY,

Petitioner,

-against-

UNITED NATIONS; UNITED STATES OF AMERICA; FEDERAL STATES OF AMERICA; STATE OF ISRAEL,

Respondent.

25-CV-8816 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently incarcerated at United States Penitentiary Victorville, in Adelanto, California, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to be transferred to a facility in New York. (ECF 1 at 3.) For the following reasons, this petition is transferred to the United States District Court for the Central District of California.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973) (expanding that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in the United States Penitentiary in Victorville in Adelanto, California, which is located in San Bernadino County, California. San Bernadino County is located in the judicial district of the United States District

Court for Central District of California.[1] 28 U.S.C. § 84(c). Therefore, in the interest of justice, this Court transfers this petition to the Central District of California. *See* 28 U.S.C. § 1406(a).

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. The Court waives the provision of Local Civil Rule 83.1 that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 13, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[1] Petitioner has a Section 2241 petition pending in that court. *See Hardy v. United Nations*, No. 25-CV-3519 (E.D. Cal.) (pending).